# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

| | | |
|---|---|---|
| Terry Adeyemi, Sarah F. Adkins, Barbara J. Ahmad, Monifa J. Ajanaku, Albert Allen, Joetta Allen, Billye Alsobrook, Grady Amos, Leonard Anderson, Brenda Archer, Lenora S. Arnold, Lynne Austin, Neddia Bailey, Bernice Baker, Gwendolyn Baker, Betty J. Ballentine, Estella Banks, Juanita W. Banks, Dianne Barrett, Antonette Bates, Delois Bates, Celestine H. Beck, Roosevelt Bell, Margaret Berry, Delois Bishop, Marvin Black, Ola Blackmon, Ida Blue, Andrew Bobo, David Bobo, Lita Bogle, Elvira Bolton, Catherine Booth, Robert G. Boswell, Darlene Boyce, LaDoan W. Boyd, LaVern Boyd, John Bowden, Verda Bowers, Raymond Boykins, Pamela Brazan, Joyce Ann Briggs, Cynthia Brisco, Marion Brooks, Sandra Brooks, Vanessa Brooks, Bobbie M. Brown, David L. Brown, Eddie L. Brown, Geraldine H. Brown, Isaac Brown, Lillie M. Brown, Martha L. Brown, Marvin Brown, Betty Buford, Harold Bumpus, Willie Mae Bumpus, Antonio Buntyn, Timothy Buntyn, Joyce Butler, Cassandra Bynum, Joe Caldwell, Theris Cannon, Jason Carlin, Carolyn Carney, Jewell Carr, Columbus Carter, Pat Carver, Jessie Cathy, Deborah Y. Chalmers, Dollie Mae Chambers, Maggie Chatmon, Asalee Chisem, Irene Christian, Deloris Clements, Lynna F. Clemon, Debra C. Coats, Margaret J. Cobb, Shirley Ann Cochran, Josephine Cole, Lorine Cole, Melvin L. Cole, Anta Carol Coleman, Velma Coleman, Virginia Collins, James Cook, Jr., Janice Cooper, Sharon Cornell, Lewis E. Cotton, Bobbie Jean Cox, James E. Cox, Ella M. Crenshaw, Joyce Crutcher, L.C. Cruthird, Cynthia L. Culver, Eva Curtis, Charlene Daniels, Earnestine Darnell, Almer Davies, Jennie M. Davis, Amelia Davis, Ernest Lee Davis, Gladys M. Davis, Jennifer T. Davis, Sheron Davis, Julie Donoho, Gloria A. Dortch, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **CASE NO. 2:10-cv-02127-STA-dkv**<br><br>**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**<br><br>By Defendants GlaxoSmithKline L.L.C., GlaxoSmithKline Consumer Healthcare L.L.C., GlaxoSmithKline Consumer Healthcare, L.P., and Block Drug Company, Inc. |

| | |
|---|---|
| Willie B. Driver, Charles Dunbar, Chandra R. Dyson, John Echols, Johnny Eckford, Jr., Thurman L. Ector, Marcine Eddins, Paul England, Ruby D. Epps, Angela Farmer-Walker, Cora Farmer, Delilah Farris, Carl F. Fisher, Mary Fitchpatric, Mary Louise Fennell, Sara Ann Fields, Peggy A. Flake, Everlena H. Ford, Mary A. Foster, Sherbert Franklin, Edward Freeman, Evertis Fullilove-Harris, Yolanda Fullilove, Huey F. Gagnard, Betty Jean Gandy, William A. Gandy, Jr., Willie Garfield, Roy Garrett, Pearlie Garrison, Dan Gill, Roosevelt Gilliam, Sr., Ruby Mae Gilliam, Bennie Glasco, Joyce Goodwin, Tajuana R. Gore, Janice Graham, Lonnie C. Graham, Jr., Annette Grandberry, Bobbie Grant, Martha Gray, Tommy H. Gray, Gwendolyn Green, Willietta J. Greene, Jimmie M. Griffin, Ronnie Griffin, Mary F. Gunn, George Guy, Mary J. Guy, Melvin A. Hall, Melvin Hamilton, William E. Hammand, Rosie M. Harderman, Rosie M. Hardeman, Roslin Harden, Laura L. Harris, Pauline A. Harris, Queenie Harris, Sandra D. Harris, Shontrice Harris, Lenard W. Harrison, Lee A. Hart, Jr., Carolyn Hassell, Dennis Hawkins, Trilby L. Hawkins, Karen Hawks, Billie Joe Hayes, Pamela Hayes, Marcus Haynes, Don Hazlerig, Cassie L. Henderson, Erma J. Henderson, Linda K. Henderson, Autry L. Henry, Louise Hester-Garrett, Nadine Hicks, Joyce Ann Higgs, Augusta Hill, LaQuita Hill, Willie Mae Hill-Butts, Elizabeth Hodges, Margaret Ann Holland, Giambria Holley, Mary Lou Hollie, Clementine Holmes, Ceolia Holmes, Derrell Holmes, Janiece L. Holt, Thelma Honorable, Turan L. Hooper, Carolyn J. Houston, Eva Howard, Jennie M. Howard, Roosevelt Howard, Flora Hubbard, Phyllis D. Hubbard, Robert Hubbard, Mary Hull, Michael E. Hunt, Karen Brownlee Hunter, Margaret C. Hunter, Melinda S. Hurt, Kennitha Ingram, Walter Ingram, Barbara Jackson, Eddie Jackson, Launcestine | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |

M JMS 2044095 v1
2616900-000085 02/24/2010

| | |
|---|---|
| Jackson, Leon Jackson, Phyllis Jackson, | § |
| Donnie James, Willie Jennings, DeLois J. | § |
| Johnson, Delores G. Johnson, Earline | § |
| Johnson, James Edward Johnson, Kevin | § |
| Johnson, Sr., Lura Johnson, Mamie Ruth | § |
| Johnson, Mary F. Johnson, Mona Lisa | § |
| Johnson, Patricia H. Johnson, Pauline | § |
| Johnson, Pearline Johnson, Rosetta Johnson, | § |
| Sandra Johnson, Willie J. Johnson, Alice G. | § |
| Jones, Betty Jones, Carolyn Jones, Clesson | § |
| Jones, Cortell Jones, Debbie R. Jones, | § |
| De'Lois Jones, Dora Jones, Geraldine Jones, | § |
| Gertha Jones, Hazell Jones, James W. Jones, | § |
| Jr., Patricia K. Jones, Larchena Jordan, | § |
| Charleka Kaigler, Christine Kaufman, Lillie | § |
| M. Kelley, Felita Kerr, James Anthony | § |
| Keys, Lue Anna Kilpatrick, Harold | § |
| Kinkade, Connie D. Kinsey, Kawhana | § |
| Kizzie, Vickie Kizzie, Dwayne Knight, | § |
| Joseph Lane, Jerlean Lang, Cheryl Gail | § |
| Lantrip, Pamela LaSane, Ralph Lax, Jr., | § |
| Louise F. Leady, Harold Leake, Earnestine | § |
| Lee, Emmie M. Lee, Corrie Leonard, Willie | § |
| L. Lomax, Stephanie C. Long, Julia P. | § |
| Looker, Ellie Lott, Kenneth Love, Martha | § |
| Dean Macklin, Sandra R. Mallory, Patricia | § |
| Malone, Dorsett E. Marshall, Jeanette | § |
| Marshall, Linda Martin, Meousha Lynn | § |
| Martin, Sharon T. Martin, Evelyn P. | § |
| Mashburn, Linda Matthews, Anne L. Mays, | § |
| Michael A. McCracken, Michael McIntosh, | § |
| Anne Marie McVay, Portia Clayton | § |
| McWilliams, Ann Middlebrook, Edna Mae | § |
| Miles, Brenda Ann Miller, David Miller, | § |
| Debra L. Miller, Vanessa Renee Milligan, | § |
| Creasie Ann Milligan-Trezevant, Carol | § |
| Minneci, Diana Josephs Mitchell, Laura B. | § |
| Mitchell, Marcus Mitchell, Mary Jean | § |
| Mitchell, Troysa L. Mitchell, Corean | § |
| Mobley, Irma G. Moore, Savannah Moore, | § |
| Shirley J. Moore, Lanetha Mormon, Tina | § |
| Morrison, Johnny Morrow, Minnie L. | § |
| Morton, Wardell Motton, Connie | § |
| Muhammad, James Murphy, James B. | § |
| Nance, Bernice D. Neal, Billy Neal, Sr., | § |
| Jewel Jerome Neal, Lenalls Neal, Brad | § |

| | |
|---|---|
| Nelson, Jr., Carol K. Nesbitt, Frank Newson, Sr., Lynnette Nicholson, Pearline Nickson, Tona Noel, Debra Norment, Linda O'Neal, Joe Ann Pace, Anthony Parker, Bertha Patrick, Linnie Patterson, Carrie Mae Patton, Maxine Patton, Natalie Patton, Vera Patton, Jerome Payne, James C. Peake, Joe C. Pearson, Sr., Charles Etta Pendleton, Arthur Perry, Jr., Eulinda Perry, Carl A. Poole, Jerry W. Poole, Sr., Edward Porter, Hollis D. Porter, Connie Sue Powell, Margarite M. Pratcher, Vanessa M. Presley, Marie Price, Sheila R. Price, Elizabeth A. Pruitt, Mona R. Pruitt, Calvin Rallings, Arnetta Rambo, Dorothy Ann Ray, Johnnie Mae Reed, Kimberly Reese-Hill, Laura B. Reynolds, Winona C. Rice, Robbie L. Richardson, Shirley Richardson, Etta Rickman, Charlene Riley, Ethel Roberts, Bobbie Robertson, Karen D. Robertson, Mack A. Robinson, Sally Robinson, Marion Rogers, Wyndel D. Rooks, Betty J. Roper, Jacob Ross, Jr., Robert Ross, Nadine Rubin, Carrie Mae Rushing, Gloria Russell, Lina Russell, Floyd Sales, Jr., Linda Sallis, Jeffrey Salter, Lory Sanchez, Nina Sanders, Bernard Sanko, Joan Saulsberry, Patricia Scales, Carolyn Scott, William E. Scott, Ronnie Sellers, David L. Sewell, Annette Shannon, Phyllis Sharp-Hubbard, Maurice Shaw, Shirley A. Shields, Beverly Shipp, Joyce Shipp, Martha Ann Shipp-Latham, Ora L. Simmons, Tramayne Simmons, Vernell S. Simmons, Yvonne Simpson, Pearley Slaughter, Alice F. Smith, Carolyn J. Smith, Christine I. Smith, James O. Smith, Sr., John L. Smith, Jr. Johnnie M. Smith, LaCarroll Smith, Lisa Smith, LoAmma Smith, Ossie Smith, Patty Smith-Rowe, Shelia Smith, Jean Somerville, Mose Stanback, Toni R. Starks-Butler, Wyonia Starks, Cassandra F. Stitman, Thomas B. Steen, Libby Street, Doris R. Stitt, Matthew Strong, Jr., Kenneth Surgeon, Willie Ruth Swauncy, Haniyyah Syed, Helen C. Tanner, Janice Tate, Ada M. Taylor, Bernette | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |

M JMS 2044095 v1
2616900-000085 02/24/2010

Taylor, Debra A. Taylor, Dorothy Taylor,                                   §
Floyd Taylor, Russell Taylor, Ronald                                      §
Teamer, Barbara TeTreault, Shirley Jean                                   §
Thomas, Ernest Tidwell, II, Alma Tolbert,                                 §
Reginald Tompkins, Robbie Travis, Billie                                  §
A. Trusty, Joann Tucker, Maurice Tucker,                                  §
Cherlie Tuggle, Lacy Tunstall, Veronica                                   §
Vance, Karen Vann, Regina Vaughn,                                        §
Virginia Visor, Guady W. Wade, Charles                                    §
Wagoner, Eugene Walker, Leslie B. Walker,                                 §
Janice Walton, Rosie P. Ward, Dorothy L.                                  §
Ware, Mary Warner, Myrtis Washington,                                     §
Kathryne Watkins, Sharon D. Watkins,                                     §
Clyde B. Watson, Jr., Demetria Watson,                                    §
Sharon Watson, Charlene Weakley, Will I.                                  §
Webb, Kathy Webber, Gloria Weeden, Ira                                    §
Wheeler, Rufus Wheeler, Gail White, Katie                                 §
L. White, Milton F. White, Natalie White,                                 §
Thomas E. White, Sr., Jewel Whiting,                                     §
Carolyn Wicks, Veronica Wilder, Charlie                                   §
Williams, Ella Williams, Jerome Williams,                                 §
Lora M. Williams, Midred Williams, Robin                                  §
N. Williams, Sheila A. Williams, Sterling                                 §
Williams, Veronica A. Williams, Vickie L.                                 §
Williams, Willie L. Williams, Clea C.                                     §
Williamson, Sam Williamson, Terrie                                        §
Williamson, Alvin Williford, Willie Nelson,                               §
Burnette J. Winbush, Kay P. Winters, Vera                                 §
J. Winters, Ethel Wirt, Kenneth Woodard,                                  §
Barbara Woods, Lisa Woods, Buster                                         §
Wooten, Sherman Wooten, John Worles,                                      §
Annie Mae Wormley, Barbara Wright,                                        §
Darrell F. Wright, Haywood Wright, Anne                                   §
Wright-Huqq, Dorothy J. Young, and Dollie                                 §
M. Zanders,                                                               §
                                                                          §
         Plaintiffs,                                                      §
                                                                          §
v.                                                                        §
                                                                          §
GLAXOSMITHKLINE, LLC.,                                                    §
GLAXOSMITHKLINE CONSUMER                                                  §
HEALTHCARE LLC,                                                           §
GLAXOSMITHKLINE CONSUMER                                                  §
HEALTHCARE LP and BLOCK DRUG                                              §
COMPANY, INC.,                                                            §

| | § | |
|---|---|---|
| Defendants. | § | |

## ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANTS GLAXOSMITHKLINE L.L.C., GLAXOSMITHKLINE CONSUMER HEALTHCARE L.L.C., GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P., AND BLOCK DRUG COMPANY, INC. TO PLAINTIFFS' COMPLAINT

Defendants GlaxoSmithKline L.L.C. (previously known as SmithKlineBeecham Corporation) ("GSK"), GlaxoSmithKline Consumer Healthcare L.L.C. ("GSK CH LLC"), GlaxoSmithKline Consumer Healthcare, L.P. ("GSK CH LP"), and Block Drug Company, Inc. ("Block") (collectively "GSK Defendants") file this Answer and Defenses to Plaintiffs' Complaint.

## THE GSK DEFENDANTS' RULE 12(b)(6) DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, GSK Defendants assert that some or all of the counts in the Complaint fail to state a claim upon which relief can be granted.

## NO WAIVER OF DEFENSES

Subject to and without waiving any available defenses, including the defense based upon Rule 12(b)(6), as pled above, GSK Defendants submit the following Answer and Affirmative Defenses.

## JURISDICTION AND VENUE[1]

1.     GSK Defendants assert that Super Poligrip is safe and effective when used as directed and complied with all applicable laws and regulations at all times.  GSK Defendants deny that there is any scientifically reliable evidence that the intended and foreseeable use of

---

[1] For the Court's convenience, the GSK Defendants will use the same headings as Plaintiffs used in their Complaint to provide GSK Defendants' answers and defenses.  In doing so, GSK Defendants do not intend to waive any defensive theory or agree or admit that Plaintiffs' headings are accurate, appropriate, or substantiated.

M JMS 2044095 v1
2616900-000085 02/24/2010

Super Poligrip results in excessive exposure to zinc, copper depletion, neuropathy, permanent neurological and other physical injury, permanent and profound personal injuries, or enduring disabilities.  GSK Defendants deny any and all remaining allegations contained in Paragraph 1 of the Complaint.

2.      GSK Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and the same are therefore denied.

3.      GSK Defendants admit that Super Poligrip, a denture cream adhesive, was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled and/or sold by or on behalf of Block.  Since approximately 2001, GSK CH LP has managed the business of Block with respect to designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Super Poligrip.  GSK Defendants deny the remaining allegations contained in Paragraph 3 (including subparts a-d) of the Complaint

## PARTIES

4.      GSK Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and the same are therefore denied.

5.      GSK Defendants admit that GlaxoSmithKline LLC (previously known as SmithKline Beecham Corporation) is a limited liability company organized under the laws of Delaware with its principal place of business in the Commonwealth of Pennsylvania.  GSK CH LLC is a limited liability company organized under laws of Pennsylvania with its principal place of business in Pennsylvania.  GSK CH LP is a limited partnership organized under Delaware

7

law, having GSK CH LLC as its sole general partner, and its principal place of business in Pennsylvania. GSK Defendants admit that Block is a private limited company organized under the laws of New Jersey with its principal place of business in Pennsylvania. GSK Defendants further admit that Block does business in the state of Tennessee. GSK Defendants admit that Super Poligrip, a denture cream adhesive, was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled and/or sold by or on behalf of Block. Since approximately 2001, GSK CH LP has managed the business of Block with respect to designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Super Poligrip. GSK Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

## FACTUAL BACKGROUND

6. GSK Defendants admit that Super Poligrip is marketed as a denture adhesive cream. GSK Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint and the same are therefore denied.

7. GSK Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and the same are therefore denied.

8. GSK Defendants admit that Super Poligrip contains a form of zinc but deny the characterization of the amount of zinc as "significant." GSK Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and the same are therefore denied.

9. GSK Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     GSK Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.     GSK Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.     GSK Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.     GSK Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.     GSK Defendants deny the allegations contained in Paragraph 14 of the Complaint.

## COUNT 1 – PRODUCTS LIABILITY
## DEFECTIVE MANUFACTURING

15.     In answer to each of the causes of action alleged in the Complaint, GSK Defendants reassert and incorporate by reference, as though fully set forth verbatim, their answers and defenses to Paragraphs 1 through 14 of the Complaint, as well as their answers and defenses set forth in answer to each of the other causes of action.

16.     GSK Defendants admit that Super Poligrip, a denture cream adhesive, was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled and/or sold by or on behalf of Block.  Since approximately 2001, GSK CH LP has managed the business of Block with respect to designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Super Poligrip..  GSK Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

9

17.     GSK Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations regarding the condition of the product when it reached Plaintiffs or any consumer and therefore the same are denied.   GSK Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18.     GSK Defendants deny the allegations contained in Paragraph 18 of the Complaint, including subparagraphs (a) through (d).

19.     GSK Defendants deny the allegations contained in Paragraph 19 of the Complaint.

**COUNT 2 – PRODUCT LIABILITY**

**DESIGN DEFECT**

20.     In answer to each of the causes of action alleged in the Complaint, GSK Defendants reassert and incorporate by reference, as though fully set forth verbatim, their answers and defenses to Paragraphs 1 through 19 of the Complaint, as well as their answers and defenses set forth in answer to each of the other causes of action.

21.     GSK Defendants deny the allegations contained in Paragraph 21 of the Complaint, including subparagraphs (a) through (d).

22.     GSK Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     GSK Defendants deny the allegations contained in Paragraph 23 of the Complaint.

M JMS 2044095 v1
2616900-000085 02/24/2010

## COUNT 3 – PRODUCTS LIABILITY

## STRICT LIABILITY – FAILURE TO WARN

24.    In answer to each of the causes of action alleged in the Complaint, GSK Defendants reassert and incorporate by reference, as though fully set forth verbatim, their answers and defenses to Paragraphs 1 through 23 of the Complaint, as well as their answers and defenses set forth in answer to each of the other causes of action.

25.    GSK Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.    GSK Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.    GSK Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.    GSK Defendants deny the allegations contained in Paragraph 28 of the Complaint, deny that Poligrip is the cause of any alleged injury to Plaintiffs, deny that Plaintiffs are entitled to any of the relief sought, and deny that they are liable to Plaintiffs in any manner or amount whatsoever.

## STRICT PRODUCT LIABILITY PURSUANT TO THE RESTATEMENT OF TORTS 2ND EDITION, SECTION 402(A) – SPECIAL LIABILITY OF SELLER OF PRODUCTS FOR PHYSICAL HARM TO USER OR CONSUMER

29.    In answer to each of the causes of action alleged in the Complaint, GSK Defendants reassert and incorporate by reference, as though fully set forth verbatim, their answers and defenses to Paragraphs 1 through 28 of the Complaint, as well as their answers and defenses set forth in answer to each of the other causes of action.

M JMS 2044095 v1
2616900-000085 02/24/2010

30.     GSK Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     GSK Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     GSK Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     GSK Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     GSK Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     GSK Defendants deny the allegations contained in Paragraph 35 of the Complaint, deny that Poligrip is the cause of any alleged injury to Plaintiffs, deny that Plaintiffs are entitled to any of the relief sought, and deny that they are liable to Plaintiffs in any manner or amount whatsoever.

36.     GSK Defendants deny the allegations contained in Paragraph 38 of the Complaint, deny that Poligrip is the cause of any alleged injury to Plaintiffs, deny that Plaintiffs are entitled to any of the relief sought, and deny that they are liable to Plaintiffs in any manner or amount whatsoever.

## COUNT 4 – NEGLIGENCE

37.     In answer to each of the causes of action alleged in the Complaint, GSK Defendants reassert and incorporate by reference, as though fully set forth verbatim, their answers

and defenses to Paragraphs 1 through 36 of the Complaint, as well as their answers and defenses set forth in answer to each of the other causes of action.

38.     Paragraph 38 of the Complaint states conclusions of law for which no answer is required.   To the extent a response may be required, GSK Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     GSK Defendants deny the allegations contained in Paragraph 39 of the Complaint, including subparagraphs (a) through (c).

40.     GSK Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     GSK Defendants deny the allegations contained in Paragraph 41 of the Complaint, deny that Poligrip is the cause of any alleged injury to Plaintiffs, deny that Plaintiffs are entitled to any of the relief sought, and deny that they are liable to Plaintiffs in any manner or amount whatsoever.

## COUNT 5 – BREACH OF EXPRESS WARRANTY

42.     In answer to each of the causes of action alleged in the Complaint, GSK Defendants reassert and incorporate by reference, as though fully set forth verbatim, their answers and defenses to Paragraphs 1 through 41 of the Complaint, as well as their answers and defenses set forth in answer to each of the other causes of action.

43.     GSK Defendants deny the allegations contained in Paragraph 43 of the Complaint.

13

44.     GSK Defendants assert that Poligrip is safe and effective when used as directed and complied with all applicable laws and regulations at all times. GSK Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     GSK Defendants deny the allegations contained in Paragraph 45 of the Complaint, deny that Poligrip is the cause of any alleged injury to Plaintiffs, deny that Plaintiffs are entitled to any of the relief sought, and deny that they are liable to Plaintiffs in any manner or amount whatsoever.

## COUNT 6 – BREACH OF IMPLIED WARRANTY

46.     In answer to each of the causes of action alleged in the Complaint, GSK Defendants reassert and incorporate by reference, as though fully set forth verbatim, their answers and defenses to Paragraphs 1 through 45 of the Complaint, as well as their answers and defenses set forth in answer to each of the other causes of action.

47.     GSK Defendants assert that Poligrip is safe and effective when used as directed and complied with all applicable laws and regulations at all times.  GSK Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     GSK Defendants assert that Poligrip is safe and effective when used as directed and complied with all applicable laws and regulations at all times.  GSK Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     GSK Defendants deny the allegations contained in Paragraph 49 of the Complaint, deny that Poligrip is the cause of any alleged injury to Plaintiffs, deny that Plaintiffs are entitled to any of the relief sought, and deny that they are liable to Plaintiffs in any manner or amount whatsoever.

M JMS 2044095 v1
2616900-000085 02/24/2010

## COUNT 7 – UNJUST ENRICHMENT

50.     In answer to each of the causes of action alleged in the Complaint, GSK Defendants reassert and incorporate by reference, as though fully set forth verbatim, their answers and defenses to Paragraphs 1 through 49 of the Complaint, as well as their answers and defenses set forth in answer to each of the other causes of action.

51.     Paragraph 51 of the Complaint states conclusions of law for which no answer is required.  To the extent a response may be required, GSK Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint states conclusions of law for which no answer is required.  GSK Defendants assert that Poligrip is safe and effective when used as directed and complied with all applicable laws and regulations at all times.  To the extent a response may be required, GSK Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     GSK Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint states conclusions of law for which no answer is required.  To the extent a response may be required, GSK Defendants deny the allegations contained in Paragraph 54 of the Complaint, deny that Poligrip is the cause of any alleged injury to Plaintiffs, deny that Plaintiffs are entitled to any of the relief sought, and deny that they are liable to Plaintiffs in any manner or amount whatsoever.

55.     Paragraph 55 of the Complaint states conclusions of law for which no answer is required.  To the extent a response may be required, GSK Defendants deny the allegations

contained in Paragraph 55 of the Complaint, deny that Plaintiffs are entitled to any of the relief sought, and deny that they are liable to Plaintiffs in any manner or amount whatsoever.

56.    Answering the "Wherefore" paragraph of the Complaint and paragraphs 56 through 64 of the Complaint GSK Defendants deny that Plaintiffs are entitled to any part of the judgment requested or the damages or relief sought in paragraphs (56) through (64), of the Complaint and deny that they are liable to Plaintiffs in any manner or amount whatsoever.

## AFFIRMATIVE DEFENSES

57.    GSK Defendants assert that some or all of the counts in the Complaint fail to state a claim upon which relief can be granted.

58.    GSK Defendants assert that venue as to Plaintiffs may be improper

59.    GSK Defendants assert that this case should be dismissed on grounds of forum non conveniens.

60.    Plaintiffs' claims have been misjoined and/or improperly joined because they do not arise out of the same transaction, occurrence, or series of transactions or occurrences.

61.    Plaintiffs' claims against GSK and GSK CH LLC are barred because they are  not manufacturers, distributors, retailers, wholesalers, or commercial bailors in the distributive chain of the product at issue.  See Restatement (Second) of Torts §§ 402A, 402B (1965).  Since approximately 2001 GSK CH LP has managed the business of Block with respect to the design, manufacture, sale and distribution of Poligrip.  Plaintiffs' claims, if any, against GSK CH LP in any other capacity other than the foregoing are likewise barred.

62.    Plaintiffs' claims against GSK Defendants are barred to the extent the doctrine of laches applies.

16

63.     Plaintiffs' claims against GSK Defendants are barred to the extent the statute of limitations and/or statute of repose applies.

64.     Plaintiffs' claims against GSK Defendants are barred to the extent Plaintiffs failed to exercise ordinary care, reasonable care, and/or diligence to mitigate damages, if any.

65.     Plaintiffs' claims are barred to the extent the doctrine of assumption of risk applies.

66.     Plaintiffs' claims are barred or their recovery must be reduced to the extent the product was used in a manner or for a purpose other than that which it was intended and which could not reasonably have been expected, and such misuse of the product was a cause of Plaintiffs' injuries and/or damages, if any.  The product at issue was not dangerous when used in a reasonable and foreseeable manner and for its intended purpose.

67.     Plaintiffs' claims are barred to the extent the product was altered or modified.

68.     The benefits of the product at issue in this litigation outweigh the risks, if any, which may be attendant to its use by appropriate persons in accordance with the directions for use.

69.     GSK Defendants plead the affirmative defense of comment k to Section 402A of the Restatement (Second) of Torts (1965).

70.     GSK Defendants state that the sole proximate cause, or cause, of the injuries alleged by Plaintiffs may have been the actions, omissions, or negligence of a person or persons other than the GSK Defendants over whom GSK Defendants had no control and for whose actions, omissions, or negligence GSK Defendants are in no way liable.  Plaintiffs are not,

therefore, entitled to recover from GSK Defendants in this action and/or Plaintiffs' recovery should be reduced or apportioned in accordance with all applicable statutes and laws.

71.     As to Plaintiffs or any other entity or person whose conduct or intervening negligence may have resulted in the alleged injuries and/or damages of Plaintiffs, if any, GSK Defendants expressly plead the doctrines of contributory negligence, comparative negligence and/or comparative fault.  Plaintiffs' claims are barred in whole or in part and any recovery must be diminished by any culpable conduct attributable to Plaintiffs or such other entity or person. GSK Defendants reserve the right to assert defenses as to any of Plaintiffs' claims and allegations based upon the applicable state law, including but not limited to the limitations, provisions, conditions precedent, and all other applicable provisions of Tennessee law.  To the extent Plaintiffs' claims are not governed by Tennessee law, GSK Defendant reserves the right to assert defenses based upon the applicable state law.

72.     To the extent that Plaintiffs receive or have received reimbursement or other compensation for all or part of his or her injuries and damages alleged in the Complaint, the amount of any damages that they may recover against GSK Defendants must be diminished or apportioned in accordance with laws of the State of Tennessee an/or any other applicable state laws and statutes governing contribution and indemnity and/or the affirmative defenses of accord and satisfaction and payment and/or release, and "setoff," and GSK Defendants will avail themselves of such rights.  To the extent Plaintiffs' claims are not governed by Tennessee law, GSK Defendant reserves the right to assert defenses based upon the applicable state law.

73.     GSK Defendants assert that their conduct did not cause, proximately cause, solely cause, or solely proximately cause the injuries and/or damages claimed by Plaintiffs, if any.

74.    GSK Defendants deny that Plaintiffs were injured by its conduct and/or any product distributed by it and call for strict proof thereof.

75.    The injuries and/or damages alleged by Plaintiffs, if any, may have been caused, in whole or in part, by operation of nature or act of God.

76.    GSK Defendants state that the injuries and/or damages alleged by Plaintiffs may have been caused by an intervening, superseding action for which GSK Defendants are in no way liable.

77.    Plaintiffs' claims are barred because the injuries and/or damages alleged by Plaintiffs, if any, may have resulted from pre-existing, unrelated, and/or idiosyncratic medical or genetic conditions or reactions, diseases or illnesses, subsequent medical conditions, or natural course of conditions which were unrelated to any conduct of GSK Defendants and/or over which GSK Defendants had no control and have no responsibility.

78.    Plaintiffs' claims are barred because the injuries and/or damages alleged by Plaintiffs, if any, may have resulted from allergies, sensitivities, idiosyncrasies, or dangers or risks inherent in Super Poligrip of which GSK Defendants neither knew nor could have known by the application of scientific knowledge available at the time.

79.    The instructions on the product at issue were not the proximate cause of any injury alleged by Plaintiffs.

80.    At all relevant times, the product at issue was accompanied by proper directions for use, pursuant to generally recognized prevailing standards in existence at the time.  The product at issue in this litigation was not defective.

M JMS 2044095 v1
2616900-000085 02/24/2010

81.     At all relevant times, the product at issue in this litigation was designed, manufactured, and marketed in accordance with applicable state of the art and state of the scientific knowledge.  To the extent Plaintiffs' claims are governed by Tennessee law, GSK  is entitled to application of all relevant laws and statutes of the State of Tennessee, including but not limited to Tenn. Code § 29-28-105 and Tenn. Code § 29 -28-104.  To the extent Plaintiffs' claims are not governed by Tennessee law, GSK Defendants reserve the right to assert defenses based upon the applicable state law.

82.     GSK Defendants plead that the product at issue complied in all material respects with all applicable statutes and regulations, including all requirements under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* and regulations issued under such provisions. To the extent Plaintiff's claims are governed by Tennessee law, GSK Defendants are entitled to application of all relevant laws and statutes of the State of Tennessee, including but not limited to Tenn. Code § 29-28-105, and Tenn. Code § 29 – 28 - 104..  To the extent Plaintiffs' claims are not governed by Tennessee law, GSK Defendants reserve the right to assert defenses based upon the applicable state law.

83.     GSK Defendants assert that Plaintiffs may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

84.     Plaintiffs' claims are preempted, modified, and/or limited, in whole or in part, by state and/or federal law.

85.     Plaintiffs' claims are subject to and limited, or barred, by the doctrine of primary jurisdiction and/or by the doctrine of abstention.

86.     GSK Defendants deny that they made express or implied warranties to Plaintiffs.

87.     In the alternative, Plaintiffs failed to give timely notice of their breach of warranty claims, if any.

88.     GSK Defendants assert that any and all alleged warranties, if any, that may form a basis for Plaintiffs' claims for relief were adequately disclaimed.

89.     Plaintiffs' claims are barred or limited because Plaintiffs may have failed to exercise ordinary care for their own protection.

90.     Plaintiffs have failed to make allegations in support of Plaintiffs' fraud and/or misrepresentation claims, if any, with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and any such allegations should be dismissed and struck from the Complaint.

91.     Plaintiff's claim for treble, punitive or exemplary damages is barred in whole or in part under both the Tennessee and the United States Constitutions.  A judgment awarding treble, punitive or exemplary damages in this action would contravene the GSK Defendants' rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the Tennessee Constitution.

92.     Any judgment awarding punitive or exemplary damages against the GSK Defendants is barred to the extent that it is inconsistent with the standards and limitations set forth in, among other cases, *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).  The GSK Defendants specifically incorporate by reference any and all standards or limitations regarding the determination, excessiveness and/or enforceability of punitive or exemplary damages awards as announced in those cases and any others under Tennessee or federal laws.

M JMS 2044095 v1
2616900-000085 02/24/2010

93.      Any judgment awarding punitive damages based on the GSK Defendants' dissimilar conduct or acts; any acts or conduct not aimed toward Plaintiffs; any acts or conduct occurring outside the State of Tennessee that may have been lawful where they occurred; any acts or conduct, independent from the acts or conduct that allegedly harmed the Plaintiffs whose claims are being tried; any acts or conduct lacking a nexus (or which bear no relation) to the specific harm alleged by the Plaintiffs whose claims are being tried; or any conduct or acts beyond that alleged in Plaintiffs' pleadings, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the due process provisions of the Tennessee Constitution, and the common law and public policies of the State of Tennessee. Awarding punitive damages in this case based on any of those impermissible factors would effectively adjudicate the merits of other persons' hypothetical claims against the GSK Defendants; it would create the possibility of multiple punitive damages awards for the same conduct; and it would violate the United States Supreme Court's pronouncements in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

94.      Any judgment awarding punitive damages under Tennessee law without proof of every element beyond a reasonable doubt would violate the GSK Defendants' rights under Amendments Five, Six, and Fourteen of the United States Constitution and the Tennessee Constitution.  In addition, the assessment of punitive damages, a remedy that is essentially criminal in nature, without the protections found in the Tennessee penal law, constitutes infliction of a criminal penalty without the proper safeguards in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and the Tennessee Constitution.

95.     Unless the amount of punitive damages is required to be established by clear and convincing evidence under Tennessee law, any judgment awarding punitive damages would violate the GSK Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Tennessee Constitution.

96.     Jury instructions under Tennessee statutory law are unconstitutional to the extent they: (1) do not provide any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) do not instruct on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) do not expressly prohibit juries from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) permit juries to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) fail to instruct that punitive damages cannot be imposed for alleged harm to other plaintiffs or intervenors or to non-parties; and (6) fail to instruct that each element supporting an award of punitive damages must be beyond a reasonable doubt.  Any judgment awarding punitive damages utilizing Tennessee statutory punitive damages instructions would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Tennessee Constitution.

97.     Any judgment awarding punitive damages to compensate Plaintiffs based on elements of damages not otherwise recognized by Tennessee law would violate the GSK Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Tennessee Constitution.

M JMS 2044095 v1
2616900-000085 02/24/2010

98.     Imposition of treble, punitive or exemplary damages violates the Sixth Amendment of the United States Constitution, because the GSK Defendants are not sufficiently informed of the nature and cause of the accusations against them; thus, the allegations are void for vagueness.

99.     An award of punitive damages based on conduct or acts committed by those who are not the GSK Defendants' vice-principals would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the due process provisions of the Tennessee Constitution, and the laws and public policies of the State of Tennessee and would be erroneous.

100.    To the extent Plaintiffs' pleas for punitive damages expose the GSK Defendants to double jeopardy or call for the GSK Defendants to be punished more than once for the same conduct, Plaintiffs' pleas violate the GSK Defendants' rights under the Fifth and Fourteenth Amendments of the United States Constitution and the Tennessee Constitution.

101.    To the extent Plaintiffs seek punitive damages, either unlimited or limited, their petitions seek excessive fines in violation of the GSK Defendants' rights provided in the Eighth and Fourteenth Amendments of the United States Constitution and the Tennessee Constitution. Any award of punitive damages is also excessive under those constitutional provisions to the extent it does not bear a reasonable relation to the injury, harm, and damages actually suffered by the Plaintiffs.

102.    Any judgment imposing punitive damages would violate the supremacy clause of the United States Constitution (Article VI), the prohibition against ex post facto and retroactive laws under the laws of Tennessee, and the separation of powers doctrine embodied in the structure of the United States Constitution and in the Tennessee Constitution.

M JMS 2044095 v1
2616900-000085 02/24/2010

103.     To the extent that Tennessee statutory law permits punishment to be measured by the net worth or financial status of the GSK Defendants and imposes greater punishment on the GSK Defendants with larger net worth and/or engaged in substantial interstate commerce, any judgment awarding punitive damages would be unconstitutional insofar as Tennessee statutory law arguably:  permits arbitrary, coercive, capricious and fundamentally unfair punishments; allows bias and prejudice to infect verdicts imposing punishment; does not significantly constrain a jury's or court's discretion in assessing and/or reviewing exemplary damages; does not meaningfully protect against excessive punitive damages awards; does not ensure reasonable proportionality between punitive damages awarded and legitimate state objectives for such damages; and allows dissimilar treatment of similarly situated the GSK Defendants, in violation of the due process and equal protection provisions of the Tennessee and federal constitutions, as well as the Commerce Clause of the United States Constitution.

104.     Any claim for unlimited punitive damages against the GSK Defendants cannot be sustained, because an award of punitive damages under Tennessee law, if not subject to any predetermined limit, either a maximum multiple of compensatory damages or a maximum amount, would violate the GSK Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Tennessee Constitution.

105.     To the extent it seeks recovery of punitive damages, Plaintiffs' Complaint also violates the GSK Defendants' right to equal protection as provided in the Tennessee Constitution and the Fourteenth Amendment to the United States Constitution.

106.     To the extent Plaintiffs seek punitive damages, it is an excessive fine, in violation of the GSK Defendants' rights provided in the Eighth Amendment of the United States Constitution.

107.    Plaintiffs' plea for punitive damages violates the supremacy clause of the United States Constitution and the laws of Tennessee.

108.    Plaintiffs' plea for punitive damages violates the separation of powers doctrine embodied in Article VI of the United States Constitution and the Tennessee Constitution.

109.    Imposition of treble, punitive, or exemplary damages violates the Sixth Amendment of the United States Constitution because the GSK Defendants are not informed of the nature and cause of the accusation against them; thus, the allegations are void for vagueness.

110.    The amount of punitive damages must be limited in accordance with the GSK Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Tennessee Constitution, and the amount of punitive damages must bear a reasonable relationship to compensatory damages.

111.    All other allegations, facts, and conclusions of law in Plaintiffs' Complaint not previously answered are expressly denied.

112.    GSK reserves the right to plead additional affirmative defenses as they become known in the course of discovery and herein give notice of its intent to rely on and avail itself of all affirmative defenses recognized and available pursuant to the applicable state statutes and laws.

113.    To the extent Plaintiffs seek equitable relief, they are not entitled to such relief because they have an adequate remedy at law.

114.    Plaintiffs' claimed injuries and/or damages are so speculative, remote, or contingent that they must be barred on public policy grounds.

## JURY DEMAND

115.    Defendants GlaxoSmithKline LLC, GlaxoSmithKline Consumer Healthcare L.L.C., GlaxoSmithKline Consumer Healthcare, L.P., and Block Drug Company, Inc. hereby demands that this case be tried to a properly impaneled jury.

## CONCLUSION

WHEREFORE, Defendant Defendants GlaxoSmithKline LLC, GlaxoSmithKline Consumer Healthcare L.L.C., GlaxoSmithKline Consumer Healthcare, L.P., and Block Drug Company, Inc., pray that, after proper proceedings, there be judgment in its favor and against Plaintiffs, dismissing Plaintiffs' claims with prejudice, holding that Plaintiffs take nothing by way of this lawsuit, and granting GSK Defendants their costs, expenses, and such other further and equitable relief as the Court may deem just and proper.

Respectfully submitted,


s/ Emily T. Landry_____
JILL M. STEINBERG
Tennessee Bar No. 11603
jsteinberg@bakerdonelson.com

EMILY T. LANDRY
Tennessee Bar No. 22157
elandry@bakerdonelson.com

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
165 Madison Ave, Suite 2000
Memphis, Tennessee  38103
(901) 526-2000

OF COUNSEL:
Stephanie A. Smith
Stacey A. Martinez
Marcy Hogan Greer
600 Congress Avenue, Suite 2400
Austin, Texas 78702-3271
Telephone:  (512) 474-5201
Facsimile:  (512) 536-4598

Gerry Lowry
Barclay A. Manley
1301 McKinney, Ste. 5100
Houston, Texas 77010
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

*Attorneys for Defendants GlaxoSmithKline L.L.C. (previously known as SmithKline Beecham Corporation), GlaxoSmithKline Consumer Healthcare, L.L.C., GlaxoSmithKline Consumer Healthcare, L.P., and* Block Drug Company, Inc.

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that a true and exact copy of the foregoing pleading was filed electronically.  Notice of this filing will be served by operation of the Court's electronic filing system to and further forwarded by the undersigned via first class mail, postage prepaid, this 24th day of February, 2010, to:

      Paul Berry Cooper, III
      296 Washington Avenue
      Memphis, Tennessee 38103

      Parties may access this filing through the Court's electronic filing system.

                                s/ Emily T. Landry

M JMS 2044095 v1
2616900-000085 02/24/2010